UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
BOWLING GREEN DIVISION

JOHN DAVID BUCHANAN                                                PLAINTIFF

v.                                                         CIVIL ACTION NO. 1:17CV-35-GNS

UNITED STATES GOVERNMENT                                DEFENDANT

## MEMORANDUM OPINION

Plaintiff John David Buchanan, proceeding *in forma pauperis*, filed a *pro se* complaint on a general complaint form (DN 1). For the reasons that follow, this action will be dismissed for lack of subject-matter jurisdiction.

### I.

Plaintiff brings this action against the United States Government. Plaintiff indicates that this Court's jurisdiction is based on the complaint raising a federal question. As the basis for federal-question jurisdiction, Plaintiff states "unfair treatment." As relief, Plaintiff states as follows: "as stated in claim $80,000 plus any fine or interest. [D]efendant defaulted thru its District court non-service delivery of document plus no answer."

In the statement of claim section of the complaint, Plaintiff states "see attachment." The attachment states as follows:

> Court did not fulfill its obligation to perform act of service thereby neglecting its duty. This is to announce default of civil claim 1:16 cv 92 GNS The default is intentional and the avenue for payment of Lump sum award. Filed 6-8-2016 at United States District court at Bowling Green, Ky. John David Buchanan v. United States Government The defendant United States Government defaulted on my claim thru it's United States District court. Its court neglecting delivery of service and claims summons documents to defendant in 30 day required time, the date 7-8-2016. This constituting default on behalf of defendant. Because I did not receive written statement from defendant answering claim in 60 day required time I demand immediate payment be made for the amount stated in claim $ 80,000 dollars. Plus any fine or interest due because of non-service of documents in 30 day period stated by law.

## II.

Although this Court recognizes that *pro se* pleadings are to be held to a less stringent standard than formal pleadings drafted by lawyers, *Haines v. Kerner*, 404 U.S. 519 (1972), the duty "does not require us to conjure up unpled allegations." *McDonald v. Hall*, 610 F.2d 16, 19 (1st Cir. 1979). Additionally, this Court is not required to create a claim for Plaintiff. *Clark v. Nat'l Travelers Life Ins. Co.*, 518 F.2d 1167, 1169 (6th Cir. 1975). In fact, to do so would require the "courts to explore exhaustively all potential claims of a *pro se* plaintiff, [and] would also transform the district court from its legitimate advisory role to the improper role of an advocate seeking out the strongest arguments and most successful strategies for a party." *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985).

Rule 12(h)(3) of the Federal Rules of Civil Procedure provides, "If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action." It is axiomatic that federal district courts are courts of limited jurisdiction, and their powers are enumerated in Article III of the Constitution. *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994); *Hudson v. Coleman*, 347 F.3d 138, 141 (6th Cir. 2003) ("[I]t is well established that federal courts are courts of limited jurisdiction, possessing only that power authorized by the Constitution and statute."). Therefore, "[t]he first and fundamental question presented by every case brought to the federal courts is whether it has jurisdiction to hear a case, even where the parties concede or do not raise or address the issue." *Douglas v. E.G. Baldwin & Assocs. Inc.*, 150 F.3d 604, 606-07 (6th Cir. 1998), *overruled on other grounds by Cobb v. Contract Transp., Inc.*, 452 F.3d 543, 548-49 (6th Cir. 2006). "Jurisdiction defines the contours of the authority of courts to hear and decide cases, and, in so doing, it dictates the scope of the judiciary's influence." *Id.* at 606. The party that seeks to invoke a federal district court's

jurisdiction bears the burden of establishing the court's jurisdiction. *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. at 377.

It is well-settled that the United States is immune from suit unless there is an explicit waiver of sovereign immunity. *United States v. Mitchell*, 445 U.S. 535, 538 (1980). The principle of sovereign immunity shields the government and its agencies from suit. *Dep't of the Army v. Blue Fox, Inc.*, 525 U.S. 255, 260 (1999). Any waiver of sovereign immunity must be "unequivocally expressed" in the statutory text and cannot be implied. *United States v. Nordic Vill., Inc.*, 503 U.S. 30, 33-34 (1992) (citation omitted). Plaintiff has the burden to demonstrate that a waiver of sovereign immunity exists permitting his action against the United States to proceed. *Morris v. United States*, 540 F. App'x 477, 483 (6th Cir. 2013). If Plaintiff "cannot identify a waiver [of sovereign immunity], the claim must be dismissed on jurisdictional grounds." *Reetz v. United States*, 224 F.3d 794, 795 (6th Cir. 2000).

In the present case, Plaintiff indicates that this Court's jurisdiction is based on there being a federal question. As the basis for federal question jurisdiction, Plaintiff states only "unfair treatment." He provides no other source for this Court's jurisdiction. The federal-question jurisdictional statute alone "is not a general waiver of sovereign immunity; it merely establishes a subject matter that is within the competence of federal courts to entertain." *Whittle v. United States*, 7 F.3d 1259, 1262 (6th Cir. 1993).

Moreover, the present action appears to challenge this Court's ruling in a separate action, *Buchanan v. United States Gov't*, Case Number 1:16-CV-92-GNS. That action was dismissed for lack of subject-matter jurisdiction. Soon after the dismissal, Plaintiff filed a motion for default in that action. He sought default because the United States Government had not filed an answer to his complaint. On December 21, 2016, an order was entered in that action denying

3

Plaintiff's motion for default since once a case has been dismissed, the defendant has no obligation to answer the complaint.

If Plaintiff desires to appeal the decision in Case Number 1:16-CV-92-GNS, he would have to appeal the decision to the Sixth Circuit. *See* 28 U.S.C. § 1294 ( stating that appeals from reviewable decisions of the district court shall be taken to the court of appeals). This Court does not have jurisdiction to review the decision of another district court. *See Lapides v. Nat'l City Bank of Minneapolis*, 100 F. App'x 910, 910 (4th Cir. 2004) ("The appropriate remedy for a party aggrieved by a judgment is appeal."); *United States v. Westine*, No. 14-10, 2014 WL 7004930, at *3 (E.D. Ky. Dec. 10, 2014) ("[T]his Court has no jurisdiction to upset or review a past judgment issued by another District Court."); *Cobble v. Bernanke*, No. 3:09MC-3-R, 2009 WL 1076137, at *2-3 (W.D. Ky. Apr. 21, 2009) ("[T]here is no authority for the undersigned or any other federal district court judge to intervene in [plaintiff's] main action . . . . If [plaintiff] is dissatisfied with [another district court judge's] ruling, his remedy is to appeal to the Sixth Circuit."); *Baier v. Parker*, 523 F. Supp. 288, 290 (M.D. La. 1981) ("Whatever the plaintiffs have styled their action, plaintiffs' suit is nothing more than a horizontal appeal taken to a district court of another district court's decision and of a decision rendered by an appellate court. Such attempts to deliberately bypass the proper channels for appellate review shall not be tolerated or condoned by this Court.").

Accordingly, Plaintiff having failed to establish this Court's subject-matter jurisdiction, the Court will dismiss this action under Fed. R. Civ. P. 12(h)(3) by separate Order.

Date: June 14, 2017

**Greg N. Stivers, Judge**
**United States District Court**

cc: Plaintiff, *pro se*
    Defendant
4416.003

4